**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUIS RUIDIAS-QUELOPANA, | No. 10-72515 |
| Petitioner, | Agency No. A070-808-892 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 8, 2012[**]

Before:    ALARCÓN, BERZON, and IKUTA, Circuit Judges.

Luis Ruidias-Quelopana, a native and citizen of Peru, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his motion to reopen deportation

proceedings conducted in absentia.  We have jurisdiction under 8 U.S.C. § 1252.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

We review for abuse of discretion the denial of a motion to reopen, and review de novo due process claims. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003). We deny the petition for review.

The agency did not abuse its discretion in denying Ruidias-Quelopana's motion to reopen where he filed the motion nearly thirteen years after he was ordered deported, *see* 8 C.F.R. § 1003.23(b)(4)(iii)(A)(1) (motion to reopen must be filed within 180 days of in absentia deportation order), and failed to show the due diligence required to obtain equitable tolling of the filing deadline, *see Iturribarria*, 321 F.3d at 897 (equitable tolling is available where petitioner demonstrates due diligence in discovering the deception, fraud, or error that prevented timely filing). Ruidias-Quelopana's contention that the agency applied an incorrect legal standard in ruling on his motion fails because the BIA did not rely on *Matter of Compean*, 24 I. & N. Dec. 710 (A.G. 2009), in its order.

In light of the foregoing, Ruidias-Quelopana's contention that the denial of reopening violated his right to due process fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring a showing of error to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**

2 10-72515